PER CURIAM.
Kelly Sherman, as personal representative of the estate of Scott Sherman, appeals a summary final judgment entered in favor of Amelia Alday, M.D. We reverse.
Thirty-six-year-old Scott Sherman [“Scott”] was admitted to Charter Springs hospital in Ocala, Florida on January 5, 1996, after expressing suicidal thoughts. He attempted to commit suicide the evening of his admission by crashing through a glass door. He succeeded in committing suicide on the morning of January 10, 1996 by hanging himself with his shoelaces. His treating psychiatrist while at Charter Springs was Dr. Amelia Alday.
Scott’s wife, Kelly, brought a wrongful death action against Charter Springs and Dr. Alday on December 31, 1997. The complaint alleged that Dr. Alday had breached the standard of care when providing psychiatric services to the decedent in that she: (1) underdiagnosed or underestimated the severity of Scott’s risk for suicide; (2) failed to diagnose Scott as a high-risk suicide patient; (3) removed Scott from arms’ length observation and placed him in “Close A” supervision while he was still at a high risk for suicide; (4) failed to assess and properly monitor Scott; (5) failed to properly monitor and assess Scott’s suicidal ideations; (6) failed to apprise staff at Charter Springs of the patient’s high-risk suicide status; (7) faded to safeguard Scott’s welfare by ordering proper monitoring and supervising; (8) failed to prescribe the proper medication; (9) failed to provide a treatment plan for Scott’s disorder; (10) failed to provide structure and support adequate for Scott’s needs; and (11) failed to complete and maintain proper suicide risk assessments.
On December 18, 2000, Dr. Alday filed a motion for summary judgment on all of plaintiffs claims on the basis that “[plaintiff is unable to prove that Scott Sherman’s death was, more likely than not, the result of any alleged negligence on the part of Dr. Alday.” The motion asserted that the plaintiffs allegations of negligence on the part of Dr. Alday fell into two general categories: that Dr. Alday negligently removed Scott from one-on-one observation and placed him on “Close A” observation, and she negligently prescribed medication. The motion alleged that plaintiffs expert was unable to testify that Dr. Alday was negligent for removing Scott from one-on-one observation. It also alleged that plaintiff was unable to prove that Scott’s death was more likely than not caused by medication decisions made by Dr. Alday. The trial court granted the summary judgment, observing at the hearing that any negligence on the part of Dr. Alday lost any causal link to Scott’s death due to an intervening cause — the negligence of Charter *479 Springs.[1] It was undisputed that, while Scott was under Dr. Alday’s order for “Close A” supervision (to be checked on every fifteen minutes), Charter Springs left him completely unsupervised for a period of some forty-five minutes, during which time he killed himself.
To defeat the summary judgment motion, the plaintiff relied principally on the deposition testimony of Dr. Michael C. Miller, a psychiatrist. He testified that Scott suffered from major depression with psychotic features. He opined that Dr. Alday was negligent with respect to Scott’s treatment in that she failed to adequately assess his risk for suicide, failed to establish an adequate plan for maintaining Scott’s safety in the hospital, failed to provide Scott with antidepressants or adequate treatment for his anxiety and distorted thinking, and failed to communicate adequately with Charter Springs about Scott’s condition. On appeal, counsel for Dr. Alday has effectively exposed ambiguities and inconsistencies in Dr. Miller’s deposition testimony; however, after each panel member has carefully examined the entire deposition, we are all agreed that the deposition testimony of Dr. Miller is sufficient to create triable issues concerning whether Dr. Alday breached the standard of care applicable to her treatment of Scott. Whether Dr. Miller’s testimony will convince a jury remains to be seen.
REVERSED and REMANDED.
PETERSON, GRIFFIN, JJ., and COBB, W., Senior Judge, concur.

. On appeal, Dr. Alday does not attempt to sustain the summary judgment on the basis of "intervening cause.” She does, however, argue that it will be impossible for the plaintiff to establish that Dr. Alday’s decision to reduce Scott’s level of supervision to "Close A” was a proximate cause of his death since Charter Springs had failed to carry out the “Close A” supervision she did order.